UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SANDRA BUDANSINGH
                         Plaintiff,                                 **08-CIV-03356 (RJS) (DF)**

            against.                                                **COMPLAINT**

BETH ISRAEL MEDICAL CENTER and LOCAL 1199
SERVICE EMPLOYEES INTERNATIONAL UNION                               **JURY TRIAL REQUESTED**
                         Defendants.
-------------------------------------------------------------------X

        Plaintiff SANDRA BUDANSINGH, by her attorney ROBERT N. FELIX, for her

verified complaint alleges as follows:

### SUMMARY OF ACTION

        1.      This civil action is filed pursuant to the provisions of Section 301(a) of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a).

        2.      Plaintiff Sandra Budansingh ("Plaintiff" or "Budansingh") is suing Local 1199

Service Employees International Union (the "Union" or "Local 1199"), for breach of its duty of

fair representation, and Beth Israel Medical Center (the "Medical Center" or "Employer") for

breach of the collective bargaining agreement (the "CBA") between the Employer and the

Union.  Plaintiff seeks back pay, reinstatement and/or front pay, make whole relief, benefits, pre-

judgment interest, attorney's fees and costs.

### JURISDICTION AND VENUE

        3.      This court has jurisdiction over the subject matter of this complaint under Section

301(a) of the LMRA,  29 U.S.C. § 185(a) as suits for violation of contracts between employer

and labor organization may be brought in either state or federal court.

### PARTIES

        4.      Plaintiff is a resident of Bronx County, in the State of New York, who was

formerly employed as a substance abuse counselor in the title of Methadone Maintenance

1

Treatment Program ("MMTP") Counselor by the Medical Center under the terms and conditions of the CBA between the Medical Center and the Union.

5.     The Union is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and 29 U.S.C. § 152.

6.     The Union is the exclusive collective bargaining representative for Employer's non-management employees, including Plaintiff.

7.     The Union is Plaintiff's exclusive representative on matters of grievances and arbitrations.

8.     The Union's principal office is located at 310 West 43rd Street, New York, New York 10036

9.     The Medical Center employs employees represented by the Union which is an industry affecting interstate commerce, and is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and Sections 501(1) and (3) of the LMRA, 29 U.S.C. § 142(1) and (3) and 29 U.S.C. § 152(2).

10.     The Medical Center's principal place of business is 305 First Avenue, New York, New York 10003.

### FACTUAL ALLEGATIONS

11.     Plaintiff, at all relevant times, was a dues paying member of the Union.

12.     Plaintiff was employed as a MMTP Counselor at the Medical Center from November 1, 1999 through November 1, 2006.

13.     Plaintiff worked with patients who had substance addiction issues.

14.     The terms and conditions of Plaintiff's employment with the Employer were, at all relevant times, covered by the CBA between the Employer and the Union.

15.     The CBA was entered into for the benefit of the employees in the bargaining unit, and Plaintiff, as a member of the bargaining unit, is entitled to the benefits of the CBA and to enforce its provisions.

16.     The Union has a duty to fairly represent all employees of the Employer with respect to the processing of grievances arising under the CBA.

17.     The CBA (Articles XXXI and XXXII) establishes a procedure for the presentation, negotiation, settlement or other disposition of grievances and allows the Union the right to demand final and binding arbitration in matters involving the unjust discharge of its members by the Employer, as such discharge would violates the provisions of Article XXIX of the CBA.

18.     On or about November 1, 2006, Plaintiff was discharged by the Employer.

19.     The Employer, in its termination notice, alleged that the discharge was for "Poor Conduct".

20.     The Disciplinary Warning Notice that accompanied the termination letter stated, in pertinent part, as follows:

> On October 26, 2006, a patient complained to his primary counselor of an interaction between him and counselor Sandra Budansingh which resulted in what he perceives as a threat against him and an act of intimidation; the patient also expressed that he feared retaliation from Ms. Budansingh. Ms Budansingh approached the patient when she became aware that he had made a prior complaint to administration of her inappropriate and unprofessional behavior. Ms. Budansingh questioned the patient as to whether he was coerced by administration into making the complaint against her. Additionally, the patient stated Ms. Budansingh mentioned that her spouse had wanted to meet with the patient to discuss the incident which breached his confidentiality.
>
> The patient has lodged official complaints to the patient Liaison, Vocational Supervisor, Clinic Manager and Assistant Supervisor,

3

not only about the 10/26/06 incident, but other confrontations that
have occurred between him and Ms. Budansingh."

21.    Plaintiff informed the Union that she did not engage in poor conduct,
inappropriate or unprofessional conduct.

22.    Plaintiff informed the Union that the patient, on October 26, 2006, bypassed
security and entered her office without permission, while she was alone, closed the door and put
her in fear of her life.

23.    The patient then apologized for making false allegations in the past and
acknowledged that his own counselor and Plaintiff's supervisor (Alex Jackson) had offered to do
favors for him if he made up complaints against Plaintiff.

24.    The patient, on information and belief, has made false complaints against other
Medical Center employees.

25.    When the patient left Plaintiff's office, he shook Plaintiff's hand.

26.    On or about October 26, 2006, Plaintiff called Alex Jackson and repeated to him
that a patient informed her that Jackson advised that patient to write her up in exchange for
favors.

27.    Jackson stated he would respond to that allegation but he never did.

28.    Plaintiff informed the Union that the patient was not credible, that his word could
not be trusted, particularly regarding his interactions with Plaintiff, and that the allegations set
forth in the disciplinary notice were untrue.

29.    Plaintiff informed the Union that the patient did not, himself, set forth his
allegations in writing and that her unjust discharge should be vigorously challenged.

4

30.    Plaintiff informed the Union that there was no corroboration regarding the patient's allegations

31.    The Union, prior to this incident, represented Plaintiff poorly on more than one occasion, by refusing to fully grieve, or grieve at all, several prior wrongful actions taken by the Employer against Plaintiff.

32.    As a result of the Union's past failures, Plaintiff's employment record contained references to disciplinary incidents or unsupported allegations in it that the Union failed to vigorously and fairly challenge and gave a false impression as to Plaintiff's past performance and conduct.

33.    On November 2, 2006, the Union advised the Medical Center that it was grieving the termination of the Plaintiff.

34.    Thereafter, the Union showed a lack of passion and sometimes hostility towards Plaintiff and made no more than perfunctory attempts at representing Plaintiff, alluding at times to Plaintiff's past disciplinary history and paying little attention to the unsupported and untrue charges Plaintiff was then facing.

35.    The Union's hostility was so strong that no union delegate with knowledge of Plaintiff's duties and responsibilities and the nature of her workplace environment was designated to represent Plaintiff until very late in the process and that person refused to speak with Plaintiff directly in order to adequately prepare.

36.    Early in the grievance process, Union delegates with the requisite knowledge of Plaintiff's work environment refused to assist Plaintiff because of their active hostility towards her.

37.    On January 22, 2007, Plaintiff attended a meeting of the Chapter Hearing and Appeals Board of Beth Israel Medical Center Petrie.

38.    On January 30, 2007, the Chapter Hearing and Appeals Board of Beth Israel Medical Center Petrie rendered a decision that Plaintiff's grievance should not be submitted to arbitration.

39.    On June 21, 2007, the Hearings and Board of the Health Division upheld the decision of the Chapter Hearing and Appeals Board of Beth Israel Medical Center, claiming "that there is virtually no likelihood of succeeding at arbitration."

40.    The likelihood of success was in fact high, as there is absolutely no corroboration of the actual events alleged in the disciplinary charge and the patient is not credible and his allegation, by itself, does not support the actions taken by the Employer.

41.    The Plaintiff offered to pay monies to the Union to defray the costs of the arbitration and the Union refused.

42.    The Union showed no more than a cosmetic interest in representing Plaintiff's interests.

43.    The Union  breached  its duty of fair representation owed to Plaintiff, as it acted with hostility towards Plaintiff and in a grossly negligent, perfunctory, discriminatory and arbitrary manner in handling Plaintiff's meritorious grievance, and its representation was in name only and  taken in bad faith.

44.    The Union, in violation of its duty of fair representation, ignored the Employer's very weak disciplinary case and permitted Plaintiff's unjust discharge to stand without, demanding that the matter be heard by an impartial arbitrator, as provided for in the CBA.

45.    In unjustly discharging Plaintiff, the Employer violated the terms of the Agreement.

46.    Plaintiff is innocent of any wrongdoing and the penalty of discharge was excessive, unjust, unfair and discriminatory, and in violation of the provisions of the CBA.

47.    The decision of the Union is final and Plaintiff has exhausted all of the Union's internal appeals.

48.    As the exclusive bargaining unit representative for Plaintiff, the Union had a duty to represent Plaintiff fairly in enforcing her rights under the Agreement with the Employer.

## CLAIM FOR RELIEF

49.    Plaintiff realleges each of the allegations set forth in all prior paragraphs as if fully set forth here.

50.    Plaintiff seeks the right, pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), to show that the Union has violated its duty of fair representation and the Medical Center has violated the applicable CBA regarding its termination of Plaintiff's employment without just cause.

51.    Plaintiff seeks to recover damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) from the Employer and Union, jointly and severally, for all losses Plaintiff incurred by the unjust dismissal and the Union's failure to fairly represent her, and to recoup the costs and reasonable attorney fees of this action.

## JURY DEMAND

52.    Plaintiff demands a trial by jury of all issues in this action

**WHEREFORE** Plaintiff prays that the Court:

a.    Assume jurisdiction over this action;

b.    Enter judgment for Plaintiff for any and all damages, including back pay, front pay, make-whole relief, with interest, plus compensatory damages, caused by the Employer's violation of the CBA between the Employer and the Union;

c.    Enters judgment for Plaintiff for any and all damages, including back pay, front pay, make-whole relief, with interest, plus compensatory damages, caused by the Union's violation of its duty of fair representation to the Plaintiff;

d.    Grant Plaintiff relief in the form of reasonable attorney's fees and costs for the prosecution of this civil action; and

e.    Award Plaintiff such other and further equitable relief as this Court deems just and proper.

Dated: New York, New York
      April 21, 2008

Robert N. Felix, Esq. (RF-4229)
Attorney for Plaintiff
11 Broadway, Suite 715
New York, New York 10004
212-747-1433
Email: felixlaw@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SANDRA BUDANSINGH

                Plaintiff,                          08-CIV-03356 (RJS) (DF)

      against.

BETH ISRAEL MEDICAL CENTER and LOCAL 1199
SERVICE EMPLOYEES INTERNATIONAL UNION
               Defendants.

-------------------------------------------------------------------X

## COMPLAINT

**Robert N. Felix**
*Attorney for Plaintiff*
11 Broadway, Suite 715
New York, New York 10004
(212) 747 1433