UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF NEW YORK
------------------------------------------------------------------X
SANDRA BUDANSINGH,

                               Plaintiff,              **ANSWER**

                                                   Case No. 08-CIV-3356 (RJS)(DF)
               -against-

BETH ISRAEL MEDICAL CENTER and LOCAL 1199,
SERVICE EMPLOYEES INTERNATIONAL UNION,

                              Defendants.
------------------------------------------------------------------X

       Defendant, 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union"), by its attorneys Levy Ratner, P.C., for its Answer to the Complaint alleges as follows:

       1. Paragraph 1 of the Complaint calls for a legal definition or interpretation, for which no response is necessary.

       2. Paragraph 2 of the Complaint calls for a legal definition or interpretation, for which no response is necessary.

       3. Paragraph 3 of the Complaint calls for a legal definition or interpretation, for which no response is necessary.

       4. Admits the allegations contained in paragraph 4 of the Complaint.

       5. Admits the allegations contained in paragraph 5 of the Complaint.

       6. Admits the allegations contained in paragraph 6 of the Complaint.

       7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Admits the allegations contained in paragraph 13 of the Complaint.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint calls for a legal definition or interpretation, for which no response is necessary. The Defendant respectfully refers the Court to the collective bargaining agreement at issue as to its true content and meaning.

16. Admits the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint calls for a legal definition or interpretation, for which no response is necessary. The Defendant respectfully refers the Court to the collective bargaining agreement at issue as to its true content and meaning.

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Admits the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint, except admits that the Plaintiff asserted to a delegate that she did not engage in improper conduct.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint, except admits that the Plaintiff told a delegate that the allegation in the disciplinary notice was not true.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint, except to admit that the Union has represented the Plaintiff on several prior occasions on several prior disciplines.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Admits the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Admits the allegations contained in paragraph 37 of the Complaint.

38. Admits the allegations contained in paragraph 38 of the Complaint.

39. Admits the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Admits the allegations contained in paragraph 47 of the Complaint.

48. Admits the allegations contained in paragraph 48 of the Complaint and maintains that the Union did fairly represent the Plaintiff.

49. Defendant Union repeats and realleges all the foregoing set forth in all prior paragraphs as if fully set forth here.

50. Denies that allegations contained in paragraph 50 and asserts that the Union has not breached its duty of fair representation and that the Employer has not violated the collective bargaining agreement.

51. Denies Plaintiff suffered any damages because the Union did not breach its duty of fair representation and the Employer has not violated the collective bargaining agreement.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant Union under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 or any other statute.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Defendant Union has satisfied its duty of fair representation owed to Plaintiff as Defendant Union engaged in no arbitrary, discriminatory or bad faith conduct with respect to Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Pursuant to the Constitution of 1199SEIU the Plaintiff appealed the decision of the Union not to proceed to arbitration to a Chapter Hearing and Appeals Board consisting of members of the Union employed by Plaintiff's Employer. The Chapter Board has the authority to reverse the decision of the Union and to order that the case be submitted to arbitration. The Chapter Board upheld the decision of the Union, as did the Division Hearing and Appeals Board to which the Plaintiff appealed from the decision of the Chapter Board. The Division Board consists of members of the Union employed by various institutions within the Division. It also has the authority to reverse the determination of the Union.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Defendant Union presently has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated,

affirmative defenses. Defendant Union reserves the right to amend its answer to assert such additional affirmative defendants in the event that discovery reveals that additional affirmative defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter an order dismissing the Complaint and award Defendant 1199SEIU United Healthcare Workers East attorney fees, costs and disbursements, and such other relief as this Court deems just and equitable.

Dated: May 29, 2008
      New York, New York

LEVY RATNER, P.C.

By:   Richard Dorn (RD1076)
     Attorneys for
     80 Eighth Avenue
     New York, New York 10011
     (212) 627-8100
     (212) 627-8182 (fax)