UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/09
```

---

SANDRA BUDANSINGH,

                                        Plaintiff,

        -v-

BETH ISRAEL MEDICAL CENTER, *et ano*,

                                        Defendants.

---

No. 08 Civ. 3356 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        The Court is in receipt of a letter submitted by Plaintiff, dated August 24, 2009.  Defendant

Beth Israel Medical Center is ordered to submit a response to Plaintiff's August 24, 2009 letter, to

be *received* forthwith, and no later than Wednesday, August 26, 2009.  The letter shall be submitted

to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

        The Clerk of the Court is instructed to docket the attached letters.

SO ORDERED

DATED:        August 24, 2009
              New York, New York



        RICHARD J. SULLIVAN
        UNITED STATES DISTRICT JUDGE

<u>Copies Mailed to</u>:

Sandra Budansingh
1723 Victor Street
Bronx, New York 10463

August 24, 2009

<u>VIA FAX</u>   (212-805-7946)

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl St, Room 615
N.Y, N.Y. 10007

```
+-------------------------------------+
| USDS SDNY                           |
| DOCUMENT                            |
| ELECTRONICALLY FILED                |
| DOC #: _____              |
| DATE FILED:  8/24/09                |
+-------------------------------------+
```

Re:  Budansingh v. Beth Israel Medical Center, et al.
     Case No. 08-CIV-03356 (RJS)  (DF)

Dear Judge Sullivan,
I have received a copy of Edwards Angell Palmer Dodge letter to the court in which they claim that the patient's records are not necessary. I received this notification on Aug 24,2004.
Upon contacting the *PRO SE* office on Aug 24, 2004 I learned that the court has already modified my request for the patient's records. This did not give me sufficient time to respond. I am therefore asking the court to reconsider as these documents are pertinent to my case.
Your Honor it was BMIC that used the patient and his complaint as the reason to terminate me. In fact, the whole reason for terminating me was the fact that BMIC held that the patient "JC" was creditable and "believable". They relied solely on his word as there were no witnesses and the patient did not put his complaint in writing.
After bringing the patient forth as the reason for my dismissal they now seek to hide behind his privacy in effect stating "just believe what we (BMIC) say".That is very convenient. What is to stop BMIC from using this tact against other employees in the future? For that matter what is to stop other patients from making any accusation that they want? Especially to an entity such as BMIC that requires, I repeat myself, no witnesses, documentation or any other evidence.
Further the patient's record will show that 1) He continued to use and was under the influence of illegal drugs and substances,
And/or 2) he continued to use alcohol and was intoxicated and continued to abuse alcohol.
And/or 3) had or has psychological problems.
Your honor any or all of the above would have a bearing on his perceptions and state of mind at the time of his accusations.
It would also show if there was any favored treatment of the patient for making his accusations. BMIC relied entirely on this patient's word and these records would show that the patient is in fact not credible.
Your honor not having access to these records would severely impact my case.
I believe that it is my right to face or know as much as possible about my accuser, in this case the Patient.
I further believe that I have shown good cause and agree to discuss the imposition of appropriate safeguards.
I respectfully ask the court to reconsider their order.

Respectfully Submitted,

*Sandra Budansingh*
Sandra Budansingh