UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUDANSINGH,
*Plaintiff*

v.                                   File No.:08 CV03356 (RJS) (DF)

BETH ISRAEL MEDICAL CENTER
and LOCAL 1199 SERVICE EMPLOYEES
INTERNATIONAL UNION,
*Defendants*

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON BEHALF OF THE CITY OF WESTWEGO
### INCLUDING
### PLAINTIFF'S RESPONSE TO STATEMENT OF UNCONTESTED FACTS

NOW INTO COURT, through undersigned counsel comes plaintiff, Sandra Budansingh, who submits the following Memorandum in Support of Response to Defendants' Motion for Summary Judgment on behalf of Beth Israel Medical Center and Local 1199 Service Employees International Union, to deny Defendants' Motion for Summary Judgment.

### STATEMENT OF FACTS

**Plaintiff's Response to Defendant's Statement of Uncontested Facts**

1- 20   Plaintiff agrees with these facts.

21.     Plaintiff disagrees with these facts.

22 – 28  Plaintiff agrees with these facts.

29.     Plaintiff disagrees with these facts.

1

30.        Plaintiff agrees with these facts.

31.        Plaintiff disagrees with these facts.

32.        Plaintiff agrees with these facts.

33.        Plaintiff disagrees with these facts.

34 -35     Plaintiff agrees with these facts.

36-49      Plaintiff disagrees with these facts.

50.        Plaintiff agrees with these facts.

51 – 60    Plaintiff disagrees with these facts.

61.        Plaintiff agrees with these facts.

62 – 64    Plaintiff disagrees with these facts.

65.        Plaintiff agrees with these facts.

66 - 76    Plaintiff disagrees with these facts.

77.        Plainitiff agrees with these facts.

78 – 99    Plaintiff agrees with these facts.

100 - 107  Plaintiff agrees with these facts.

108 - 109  Plaintiff disagrees with these facts.

110.       Plaintiff agrees with these facts

111.       Plaintiff disagrees with these facts

112.       Plaintiff agrees with these facts.

113 - 124  Plaintiff disagrees with these facts.

125 – 132  Plaintiff agrees with these facts.

133 136    Plaintiff disagrees with these facts.

137-138    Plaintiff agrees with these facts.

139-141   Plaintiff disagrees with these facts.

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

The party moving for summary judgment under Federal Rule of Civil Procedure 56 bears the burden of establishing that its opponent has failed to raise a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Rule 56 first imposes a burden of production on the moving party to make a prima facie showing that it is entitled to summary judgment. In a case in which the nonmoving party bears the ultimate burden of persuasion at trial--such as this case-- the movant might satisfy its burden shifting obligation by either: (1) submitting evidentiary documents that negate the existence of some material element of the opponent's claim or defense; or (2) demonstrating that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense. If (and only if) the movant satisfies this prima facie obligation, the movant will have sufficiently "shifted" the summary judgment burden to the nonmovant--to demonstrate that summary judgment is actually inappropriate. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-327, 106.

Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 467 (1984)). Nevertheless, just as settled is the principle that, when viewing summary judgment motions, courts must be vigilant in determining whether either an inference or circumstantial evidence might suffice to create the existence of a factual dispute about the claims--lest courts "use summary judgment as a 'catch penny contrivance to take unwary litigants into [their] toils and deprive [the litigants] of a trial [to which they are actually

3

entitled].' " *Fontenot v. Upjohn*, 780 F.2d 1190, 1197 (5th Cir.1986) (quoting William W. Schwarzer, Summary judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 466 (1984), which in turns quotes *Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir.1940)). See also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); id. at 251-252, 106 S.Ct. at 2511-12 ("the inquiry ... is ... whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."). Indeed, a court's determination of a summary judgment motion--whether there exist genuine issues of material fact--requires deference to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) (any doubt as to the existence of a genuine issue for trial should be resolved against the moving party); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) ("[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion."). See also e.g., *Jones v. Southern Marine & Aviation Underwriters Inc.*, 888 F.2d 358, 360 (5th Cir.1989) ("fact questions are considered with deference to the nonmovant."); *Archie v. Illinois Central Gulf Railroad Co.*, 709 F.2d 287, 288 (5th Cir.1983) ("In reviewing a district court's grant of summary judgment, we are required to consider the evidence "in the light most favorable to the party resisting the motion.' ") (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir.1983); FED.R.CIV.P. 56); In re Japanese Electronic Products Antitrust Litigation,

723 F.2d 238 (3rd Cir.1983) ("[i]f ... there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment..."), rev'd on other grounds sub nom. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In the instant case not only should the facts be determined in the light most favorable to the nonmoving party but also whether the evidence presents a sufficient disagreement to require submission to a jury. The inconsistencies of the defendants' assertions, which is totally contrary to what the plaintiff has stated does, indeed raise sufficient disagreement to deny this motion for summary judgment.

## CONCLUSION

Respectfully submitted to this Honorable Court, after reviewing the extensive documentation of the defendants and the pointed documentation of the plaintiff, it is very evident that this matter needs to be tried by a jury because of an intrinsic dispute of the facts.

Respectfully Submitted,

By: Jacqueline Hollander, Esq.
**Law Offices of Jacqueline Hollander, PC**
*Attorney for the Plaintiff*
708 Third Avenue, 6th Floor
New York, New York 10017
Phone: (212) 209-3926
Fax:    (877) 573-7219
jh@jhollanderlaw.com

TO:

Rory J. McEvoy, Esq.
Attorneys for Defendant Beth Israel
Medical Center
750 Lexington Avenue
New York, NY 10022
Phone: (212) 308-4411
Fax:   (212) 308-4844
rmcevoy@eapdlaw.com

Richard Dorn, Esq.
Attorneys for Defendant 1199SEIU
United Healthcare Workers East
80 Eighth Avenue
New York, New York 10011
Phone: (212) 627-8100
Fax:   (212) 627-8182
rdorn@levyratner.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by ECF, this 5th day of February, 2009.

*[signature]*
JACQUELINE HOLLANDER

## VERIFICATION

(STATE OF NEW YORK)
(COUNTY OF WESTCHESTER)

SANDRA BUDANSINGH, under penalty of perjury says:
That I am a Plaintiff in the within proceeding and I have read and know the contents of the foregoing Plaintiff's Response to Defendant's Statement of Uncontested Facts, and that I know the information contained therein to be true based upon personal knowledge of the same, except as to those matters therein stated to be alleged information and belief, and as to those matters, I believe them.

Dated: February, 5th, 2010

*[signature]*
SANDRA BUDANSINGH